**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| Sabuwh Muhammad, | |
| **Plaintiff,** | |
| -against- | |
| Andrew Saul, | |
| **Defendant.** | |

**1:19-cv-07638 (SDA)**

**OPINION AND ORDER**

**STEWART D. AARON, UNITED STATES MAGISTRATE JUDGE:**

Plaintiff Sabuwh Muhammad, ("Plaintiff" or "Muhammad") proceeding *pro se*, filed this action, pursuant to 42 U.S.C. §§ 405(g) and 1382(c)(3), seeking judicial review of a decision of the Commissioner of Social Security ("Defendant" or "Commissioner") denying his application for Supplemental Security Income ("SSI") under Title XVI of the Social Security Act (the "Act"). Before the Court is the Commissioner's motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative, summary judgment pursuant to Rule 56.[1] (Not. Mot., ECF No. 14.) For the following reasons, the Commissioner's motion to dismiss pursuant to Rule 12(b)(6) is GRANTED.

---

[1] In deciding this motion, the Court has considered Defendant's memorandum of law in support of its motion to dismiss (Def. Mem., ECF No. 15), Defendant's Rule 56.1 Statement (56.1 Stmt., ECF No. 16), the declaration of Janay Podraza, the Chief of Court Case Preparation and Review Branch 4 of the Office of Appellate Operations, Office of Disability and Review, in support of Defendant's motion to dismiss, together with its exhibits (Podraza Decl., ECF No. 17), Plaintiff's memorandum of law in opposition to Defendant's motion to dismiss (Pl. Mem., ECF No. 22), Affidavit of Sabuwh Muhammad in opposition to Defendant's motion to dismiss (Pl. Aff., ECF No. 23), and Defendant's reply memorandum of law in support of its motion to dismiss. (Def. Reply, ECF No. 25.) The Court notes the Commissioner's compliance with Local Civil Riles 12.1 and 56.2. (*See* 12.1 Notice, ECF No. 18; 56.2 Notice, ECF No. 19.)

**BACKGROUND**

Plaintiff filed an application for SSI on April 6, 2016, alleging disability due to mental impairment. (Podraza Decl. Ex. 1 ("ALJ Decision"), ECF No. 17-1, at 4, 6.) On June 5, 2018, Administrative Law Judge ("ALJ") Michael Gaffaney denied Plaintiff's application for SSI. (Podraza Decl. ¶ 3(a); ALJ Decision.) The Appeals Council declined Plaintiff's request for review on June 5, 2019. (Podraza Decl. ¶ 3(a); Podraza Decl. Ex. 2 ("AC Denial"), ECF No. 17-2.) In its denial, the Appeal Council advised Plaintiff of his right to commence a civil action within sixty days of receipt, that the decision would be presumed to have been received five days after the date of the denial, and if he could not file a civil action within sixty days, he could ask the Appeals Council for more time if he had a "good reason" to do so. (AC Denial at 3.) The Appeals Council also explained that the presumption that Plaintiff received the letter five days after the date it was issued could be rebutted if he could show "that [he] did not receive it within the 5-day period." (AC Denial at 3.)

The June 5, 2019 denial was presumed received on June 10, 2019. (AC Denial at 3.) Thus, the deadline for Plaintiff to file a civil action – i.e. sixty days later – was August 9, 2019. However, Plaintiff commenced this action on August 14, 2019.[2] (Compl., ECF No. 2.)

On September 13, 2019, both parties consented to the jurisdiction of the undersigned. (Consent, ECF No. 13.) On November 20, 2019, the Commissioner moved to dismiss the Complaint as untimely pursuant to Federal Rule of Civil Procedure 12(b)(6), or in the alternative pursuant to Federal Rule of Civil Procedure 56. (Not. Mot.) The Commissioner served Plaintiff with its motion on November 20, 2019. (Cert. Service, ECF No. 20.) On November 21, 2019; the

---

[2] Although Plaintiff's Complaint was signed on Sunday, August 11, 2019 it was received by the Pro Se Intake office at the Courthouse, and this action was initiated, on Wednesday, August 14, 2019. (Compl. at 1, 4.) The Court notes that neither the signed date nor the filed date is timely.

Court issued an Order requiring Plaintiff to "respond to the Commissioner's motion no later than December 20, 2019." (11/21/19 Order, ECF No. 21.) Plaintiff also was instructed that he could consult the legal assistance clinic for *pro se* litigants in this District. (*See* 11/21/19 Order.)

On December 23, 2019, three days after the deadline, Plaintiff filed an opposition to the Commissioner's motion. (Pl. Mem.) On December 27, 2019, the Court issued an Order accepting Plaintiff's late filing, "[d]ue to Plaintiff's *pro se* status." (12/27/19 Order, ECF No. 24.) The Commissioner filed his reply memorandum on January 13, 2020. (Def. Reply.)

## DISCUSSION

### I. Legal Standard

The exclusive remedy for a Plaintiff who seeks judicial review of the Commissioner's final decision is provided by Sections 205(g) and (h) of the Social Security Act. 42 U.S.C. §§ 405(g), (h); *see also Wong v. Bowen*, 854 F.2d 630, 631 (2d Cir. 1988) (*per curiam*). The regulations set forth a sixty-day period in which a plaintiff must commence his or her civil suit, "or within such further time as the Commissioner of Social Security may allow." 42 U.S.C. § 405(g). The sixty-day period begins on the date the Appeals Council's denial is received, and a Plaintiff is presumed to have received the Notice five days after it is dated. 20 C.F.R. 422.210(c); *see also Wong,* 854 F.2d at 631. The Clerk's Office must receive the Plaintiff's Complaint within the sixty-day period. *See Zerilli-Edelglass*, 333 F.3d at 78.

Because the limitations period "defines the terms on which the United States waives its sovereign immunity and consents to be sued, it is strictly construed," barring exceptional circumstances, even when the delay is minor. *Davila v. Barnhart,* 225 F. Supp. 2d 337, 338-340 (S.D.N.Y. 2002) (citations omitted) (applying the limitations period as a time-bar even when the

plaintiff "filed her complaint only one day late"); *see also Randell v. United. States*, 64 F.3d 101, 106 (2d Cir. 1995); *Borrero v. Colvin*, No. 14-CV-5304 (LTS)(SN), 2015 WL 1262276, at *3 (S.D.N.Y. Mar. 19, 2015) (collecting cases). Therefore, "[f]ailure to file a complaint within the statutory limitation most often requires dismissal of the case, even where the delay is minor and the plaintiff is *pro se*." *Borrero*, 2015 WL 1262276, at *3.

There are, however, cases where the equities in favor of tolling the limitations period are "so great that deference to the agency's judgment is inappropriate." *Bowen v. City of N.Y.*, 476 U.S. 467, 480 (1986) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 330 (1976)). To qualify for equitable tolling, a plaintiff must "show that 'he has been pursuing his rights diligently' and that 'some extraordinary circumstances stood in his way.'" *Torres v. Barnhart*, 417 F.3d 276, 279 (2d Cir. 2005) (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). Courts in this district have granted equitable tolling in circumstances including "where the Commissioner failed to provide adequate notice of the procedural rules governing requests for extensions of filing time," or "where a *pro se* claimant received conflicting information about the filing deadline." *Davila*, 225 F. Supp. 2d at 339 (collecting cases).

Plaintiff bears the burden of establishing the exceptional circumstances warranting equitable tolling, *Davila*, 225 F. Supp. 2d at 339, and it should only be applied in the "rare case." *Bowen*, 476 U.S. at 481. The extreme remedy of equitable tolling will "not extend to what is at best a garden variety claim of excusable neglect." *Irwin v. Dep't of Veterans Affairs*, 498 U.S. 89, 96 (1990). "While courts generally treat *pro se* complaints more liberally, *pro se* status does not by itself invoke equitable tolling without additional justification showing extraordinary circumstances." *Stevenson v. City of New York Dep't of Correction*, 09-CV-05274, 2011 WL

4

13175927, at *4 (E.D.N.Y. July 11, 2011), *aff'd sub nom. Stevenson v. New York Dep't of Corr.*, 489 F. App'x 517 (2d Cir. 2012) (citing *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

A statute of limitations defense based exclusively on dates contained in the Complaint or appended materials properly may be asserted by a defendant in a Rule 12(b)(6) motion. *Rodriguez ex rel. J.J.T. v. Astrue,* No. 10-CV-09644 (PAC)(JLC), 2011 WL 7121291, at *2 (S.D.N.Y. July 25, 2011), *report and recommendations adopted by*, 2012 WL 292382 (S.D.N.Y. Jan.31, 2012). Indeed, a motion to dismiss on statute of limitations grounds generally is treated as a motion to dismiss for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6). *Id.* Accordingly, the Court "must accept all factual allegations in the complaint as true and draw inferences from those allegations in the light most favorable to the plaintiff." *Jaghory v. N.Y. State Dep't of Educ.*, 131 F.3d 326, 329 (2d Cir. 1997) (citations omitted). Further, as Plaintiff is proceeding *pro se*, the Court must read his pleadings "liberally and interpret them to raise the strongest argument that they may suggest." *Ayala v. Colvin*, No. 15-CV-07041 (CS)(PED), 2016 WL 4119925, at *2 (S.D.N.Y. Aug. 2, 2016) (citing *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010) (internal quotation marks omitted).)

II.  **Application**

The Commissioner argues that Plaintiff's action is barred by the time limitation specified in Section 205(g) of the Act because it was not commenced within sixty days after the final decision of the Commissioner. (Def. Mem. at 2-3.) The Appeals Council issued its denial on June 5, 2019, which expressly informed the Plaintiff that he had sixty days from receipt to file a Complaint and that he would be presumed to have received the letter five days after it was dated.

(AC Denial at 1-2.) As the Commissioner points out, Plaintiff was to file his Complaint by August 9, 2019, but instead, he filed it on August 14, 2019, five days late. (Def. Mem. at 3.)

In response, Plaintiff acknowledged that he had not timely filed his Complaint, stating that his "mental capacity" and homelessness were the reasons he filed the document late. (*See* Pl. Mem. at 4.)

Thus, the Court considers whether this is a rare case where equitable tolling should apply. However, equitable tolling is available only in "rare and exceptional circumstances," where the Plaintiff shows that (1) "he has been pursuing his rights diligently" and (2) "some extraordinary circumstances stood in his way." *Torres*, 417 F.3d at 279 (quoting *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).

Here, Plaintiff has not met the burden showing his late filing should be equitably tolled, even construing his Complaint liberally. Plaintiff has made no showing that he has pursued his rights diligently. (*See generally* Pl. Mem.) Instead, Plaintiff admits that he filed his Complaint late without discussing any efforts he made to file it in a timely manner. (Pl. Mem. at 2-3.) Plaintiff's vague references to his mental limitations, without offering any reasons for his failure to abide by the deadlines, are not sufficient to show that he sought to diligently pursue his rights. *See Boos v. Runyon*, 201 F.3d 178, 185 (2d Cir. 2000) ("[Plaintiff's] conclusory and vague claim, [that she suffers from 'paranoia, panic attacks, and depression.'] without a particularized description of how her condition adversely affected her capacity to function generally or in relationship to the pursuit of her rights, is manifestly insufficient to justify any further inquiry into tolling."); *Canales v. Sullivan*, 936 F.2d 755, 758-59 (2d Cir. 1991) (finding that a *pro se* litigants' mental impairment may warrant equitable tolling, only when the plaintiff is deprived of the ability to

understand or act); *Marquez v. United States*, 510 F. Supp. 2d 336, 337 (S.D.N.Y. 2007) ("Marquez's Petition presents no reason for its late filing, and nothing else on record suggests extraordinary circumstances or reasonable diligence by Marquez sufficient to justify a finding that the statute of limitations should be equitably tolled."); *Victorial v. Burge*, 477 F. Supp. 2d 652, 655 (S.D.N.Y. 2007) ("Previous cases in this Circuit have not applied a bright line rule in determining when equitable tolling should apply in cases of mental illness, but they have generally held that a petitioner must demonstrate some form of incapacitation due to the mental illness that affected his ability to act with due diligence during the time period at issue." (citing *Rhodes v. Senkowski*, 82 F. Supp. 2d 160, 186-69 (S.D.N.Y.2000) (collecting equitable tolling cases decided on mental illness grounds))).

Plaintiff's memorandum also argues that he is homeless, his mail is sent to a relative who only "contacts him when he believes it is important," and that he is "unsure of when [he] received the" June 5, 2019 Appeals Council letter. (Pl. Mem. at 4-5.) For these reasons, Plaintiff stated that he did not respond on time, but Plaintiff has not shown that he was "prevented in some extraordinary way from exercising his rights." *Zerilli-Edelglass*, 333 F.3d at 80 (citations omitted). *See also Davis v. Vilsack*, 880 F. Supp. 2d 156, 161, 163 (D.D.C 2012) (denying equitable tolling for a *pro se* litigant who was homeless and suffered mental illnesses in part because he "received actual notice of his right to sue").

To the extent that Plaintiff seeks to "rebut the presumption" that the Appeal Council's denial was received five days after it was mailed and argue instead that he received it later, he has failed to present any evidence of this fact. "To successfully rebut the presumption, a plaintiff must do more than assert that [he] did not receive the notice within five days," such as presenting

"some affirmative evidence indicating that actual receipt occurred at a later date." *Marquez v. Comm'r of Soc. Sec.*, No. 12-CV-08151, 2013 WL 3344320, at *3 (S.D.N.Y. July 2, 2013). By simply stating that he is "not sure" when he received the denial is insufficient to rebut this presumption.

For these reasons, the Court finds that Plaintiff's arguments do not defeat the strict standard for equitable tolling. *See Galage v. Colvin*, No. 15-CV-03305 (GBD) (RLE), 2015 WL 9684602, at *3 (S.D.N.Y. Oct. 23, 2015), *adopted by*, 2016 WL 94253 (S.D.N.Y. Jan. 7, 2016) (denying plaintiff's request for equitable tolling where plaintiff neither demonstrated reasonable diligence nor pled facts constituting extraordinary circumstances for equitable tolling); *Davila*, 225 F. Supp. 2d at 340 (acknowledging that "the strict application of the traditional principles of equitable tolling seems particularly harsh" where plaintiff "filed her complaint only one day late," but holding that plaintiff's complaint was time-barred, and noting that "courts have not hesitated to enforce the [sixty]-day limit as a firm limit." (citations omitted)). Accordingly, Defendant's motion to dismiss the Complaint as time-barred is granted.[3]

## CONCLUSION

For the foregoing reasons, the Commissioner's motion to dismiss is **GRANTED**, and this action is dismissed. The Clerk of the Court is respectfully requested to close this case.

**SO ORDERED.**

DATED:    New York, New York
          January 31, 2020

_Stewart D. Aaron_
_____
STEWART D. AARON
United States Magistrate Judge

---

[3] Because the Court dismisses Plaintiff's claim under Fed. R. Civ. P. 12(b)(6), there is no need to address Defendant's alternative ground.